UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.A. INSURANCE AGENCY
FRANCHISING, LLC,

    Plaintiff,                                                  Case No. 14-cv-14432
                                                           Hon. Matthew F. Leitman

v.

CLAUDIA MONTES, et al.,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO SET ASIDE DEFAULTS (ECF #17) AND DENYING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AS MOOT (ECF #15)**

On November 19, 2014, Plaintiff L.A. Insurance Agency Franchising, LLC ("L.A. Insurance") filed this action against Defendants. (*See* the "Complaint," ECF #1.) Among other things, L.A. Insurance alleges that Defendants infringed upon its trademarks and breached certain agreements. (*See id.*) Defendants did not answer or otherwise respond to the Complaint. On December 17, 2014, L.A. Insurance requested that the Clerk of the Court enter a default against the Defendants. (*See* ECF #9.) The Clerk of the Court entered the requested defaults on December 18, 2014. (*See* ECF ## 10-14.) On January 6, 2015, L.A. Insurance moved for a default judgment against all Defendants. (*See* ECF #15.)

1

On February 9, 2015, Defendants appeared in this action for the first time and filed a motion to set aside the defaults. (*See* ECF #17.) In their motion, Defendants explain that their "failure to file a responsive pleading to this lawsuit was the result of excusable neglect." (*Id.* at 2, Pg. ID 433.) Specifically, Defendants argue that they did not respond to the Complaint earlier because they were engaged in settlement negotiations with L.A. Insurance. (*See id.* at 8, Pg. ID 439.) Defendants also assert that they have meritorious defenses against L.A. Insurance's claims, and that L.A. Insurance would not be prejudiced if the defaults were set aside. (*See id.*)

Defaults are historically disfavored, and the United States Court of Appeals for the Sixth Circuit has endorsed a "strong preference for trials on the merits." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). Under Federal Rule of Civil Procedure 55(c), this Court may set aside an entry of a default "for good cause shown." "Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default." *Shepard Claims Service*, 796 F.2d at 193. When considering whether "good cause" exists, the Court considers three factors:

1. Whether the plaintiff will be prejudiced;
2. Whether the defendant has a meritorious defense; and
3. Whether culpable conduct of the defendant led to the default.

2

*Id.* at 192 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)).  Moreover, this circuit applies a "somewhat more lenient standard" to "Rule 55(c) motions where there has only been an entry of default, than to Rule 60(b) motions where judgment has been entered." *Id.* at 193.  Here, "good cause" exists to set aside the defaults.

First, setting aside the defaults would cause no substantial prejudice to LA Insurance.  Indeed, L.A. Insurance "concedes that Defendants' delay in responding to the Complaint is not likely to give rise to" the loss of evidence or problems during discovery.  (L.A. Insurance Response Brief, ECF #18 at 5, Pg. ID 464.)  Therefore, this factor favors setting aside the defaults.

Second, when determining whether a defaulted defendant has a meritorious defense, the "[l]ikelihood of success is not the measure … [r]ather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin*, 705 F.2d at 845.  "[S]uch a defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) (internal quotation marks omitted).

Here, Defendants have raised a number of possible meritorious defenses that meet this standard.  For example, the facts in Montes' affidavit could be sufficient to support a determination that the relevant franchise agreement between the

parties is unenforceable, that L.A. Insurance committed the first material breach of the parties' contract, that L.A. Insurance prevented Defendants from performing under parties' contract, and that L.A. Insurance acted with unclean hands rendering unavailable the equitable relief L.A. Insurance seeks. (*See, e.g.,* Affidavit of Claudia Montes, ECF #17-3, Pg. ID 449-451.) At this stage, the facts in Montes' affidavit are sufficient to state plausible meritorious defenses.

Finally, where, as here, "the first two factors militate in favor of setting aside the entry [of a default], it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead." *Shepard Claims Service*, 796 F.2d at 193. In other words, where a defendant has established that the first two factors weigh in its favor, the defendant's conduct must be "particularly culpable" in order to "outweigh those two factors and tip the balance toward denial of relief." *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 293 (6th Cir. 1992).

Defendants' behavior here was not "particularly culpable." While Defendants should have responded to L.A. Insurance's communications and to the Complaint in a more timely manner, the Court credits Ms. Montes' affidavit in which she avers, under oath, that she did not respond earlier because she believed she was having ongoing and productive settlement negotiations with L.A.

4

Insurance.  (*See* Montes Aff. at ¶26.)  All three factors, therefore, favor setting aside the defaults.

In their motion, Defendants also ask for an award of their costs.  Defendants claim that L.A. Insurance unreasonably withheld its concurrence in the relief Defendants sought (i.e., the setting aside of the defaults).  The Court has reviewed Defendants' argument in this regard and finds it without merit. The Court does not believe that L.A. Insurance unreasonably withheld concurrence in Defendants' motion.

Accordingly, for all of the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside Defaults (ECF #17) is **GRANTED IN PART AND DENIED IN PART**.  The defaults entered against Defendants (ECF ## 10-14) shall be set aside, but Defendants shall not be awarded any costs or fees.  Defendants shall file an Answer or otherwise respond to the Complaint no later than **5:00 p.m. on March 17, 2015**.  The Court will not entertain any extension of this deadline.  **IT IS FURTHER ORDERED** that because the Court has set aside the defaults, L.A. Insurance's Motion for Default Judgment (ECF #15) is **DENIED AS MOOT**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  March 3, 2015

5

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
