UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.A. INSURANCE AGENCY
FRANCHISING, LLC,

        Plaintiff,                  Civil Action No. 14-14432
                                                   Magistrate Judge David R. Grand

v.

CLAUDIA MONTES, et al.,

        Defendants.

_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS MONTES AND L.A. INSURANCE AGENCY NV 26 [39]; (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST DEFENDANTS MONTES AND L.A. INSURANCE AGENCIES NV 12, 15, AND 17 [45]; AND (3) DENYING DEFENDANTS' MOTION FOR PRELIMIANRY INJUNCTION [43]**

Before the Court is L.A. Insurance Agency Franchising, LLC's ("L.A. Insurance" or the "company") motion for a preliminary injunction against Claudia Montes ("Montes") and L.A. Insurance Agency NV 26, LLC ("NV 26") [39] and L.A. Insurance's separate motion for a temporary restraining order and a preliminary injunction against Montes and L.A. Insurance Agencies NV 12, LLC, NV 15, LLC and NV 17, LLC ("NVs 12, 15, and 17") (along with "Montes" and "NV 26," collectively referred to as "defendants"). [45]. Defendants filed responses to both of these motions [49, 51] and L.A. Insurance filed a single reply in support of both motions. [56]. Also before the Court is defendants' motion for preliminary injunction [43], to which L.A. Insurance filed a response. [53].

The parties have consented to this Court's conducting of all proceedings, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [29]. Since the

relevant facts and arguments are sufficiently presented in these submissions, the Court will dispense with oral argument pursuant to E.D. Mich. L.R. 7.1(f)(2).

I.   BACKGROUND

L.A. Insurance is a national insurance agency located in Royal Oak, Michigan. [45, Ex. A at ¶ 4]. The company licenses independent franchises who sell auto insurance policies through third-party insurance carriers. [*Id.* at ¶ 3]. Franchisees pay L.A. Insurance a set fee and commissions to advertise their services using L.A. Insurance's registered trademark, "L.A. Insurance Agencies." [*Id.* at ¶¶ 6-7]. Montes is the managing member of four Nevada-based limited liability companies, NV 12, NV 15, NV 17 and NV 26. [*Id.* at ¶ 10]. From May 2009 through February 2011, each of these entities entered into individual agreements with L.A. Insurance to operate franchises across the Las Vegas, Nevada area. [42, Ex. A-D].

On August 12, 2014, Montes informed L.A. Insurance that she planned on closing the NV26 franchise location at the end of the month because the business was losing significant amounts of money. [1, Ex. B]. Montes also stated that she intended to refer NV 26's clients to her other then-"current locations," which would have consisted of NV 12, NV 15 and NV 17. [*Id.*]. According to L.A. Insurance, on or about August 30, 2014, Montes closed the NV 26 location without its authorization and opened another insurance agency at a new location "using Plaintiff's L.A. Insurance name and trademark to promote the business and Plaintiff's franchise operating system to operate the business." [45, Ex. A at ¶ 12]. Montes then failed to respond to several letters from L.A. Insurance's counsel demanding that she provide an accounting for each of her franchises so that the company could exercise its purchase options under the respective franchise agreements. Ultimately, L.A. Insurance terminated the NV 26 franchise on November 5, 2014. [1, Ex. G].

Shortly thereafter, L.A. Insurance filed this lawsuit alleging claims for, among other things, breach of contract and federal and common law trademark infringement and unfair competition. [1]. On August 17, 2015, L.A. Insurance filed its first motion for a preliminary injunction against Montes and NV 26 [39] seeking to enjoin them from: (1) using L.A. Insurance's name or trademark to promote and operate their "unauthorized" insurance agency; (2) misappropriating L.A. Insurance's confidential and proprietary information; and (3) competing against L.A. Insurance and its other Las Vegas franchises pursuant to the terms of the NV26 franchise agreement. Additionally, L.A. Insurance petitioned the Court to require Montes and NV26 to: (4) return any confidential or proprietary information in their possession, along with any materials that contain L.A. Insurance's name or trademark; and (5) file a written report within 30 days of a prospective court order verifying their compliance with any mandated injunctive relief. [39 at 2-4].

Coincident with the filing of its first preliminary injunction motion, L.A. Insurance discovered that Montes had also removed all signs depicting the L.A. Insurance name and trademark from the storefronts of the NV 12, NV 15, and NV 17 franchise locations. Further investigation revealed that Montes appeared to be operating these insurance agencies under the name "Beeing Protected Insurance Agencies," although she allegedly continued to use L.A. Insurance's name and trademark on promotional materials. [45, Ex. A at ¶ 17]. As a result, L.A. Insurance terminated the NV12, NV 15 and NV 17 franchise agreements on August 27, 2015. [*Id.* at ¶ 26].

In view of the foregoing, L.A. Insurance filed another motion, this time seeking a temporary restraining order and a preliminary injunction against Montes and NV 12, NV 15, and NV 17. [45]. In addition to the relief already requested in its first motion, L.A. Insurance urged

the Court to: (1) enjoin any further use of the advertised telephone numbers associated with the franchises; (2) order Montes and the franchises to "file an abandonment or discontinuance of the name with the appropriate local, county or state agency;" (3) order Montes and the franchises to surrender possession of the franchise locations to L.A. Insurance pursuant to the terms of the respective franchise agreements; and (4) order Montes and the franchises to comply with the post-termination obligations enumerated in the respective franchise agreements. [45 at 3-4].

At this juncture, defendants filed their own motion for preliminary injunction seeking to enjoin L.A. Insurance from interfering with their contractual arrangements with a number of third-party insurance carriers. [43]. Defendants specifically maintained that L.A. Insurance improperly requested that the insurance carriers withhold their commissions and forward the funds to L.A. Insurance's corporate office. To support this contention, defendants' attached an April 18, 2015 e-mail from L.A. Insurance's in-house counsel to an insurance carrier "asking that you please forward all commissions to L.A. Insurance Franchising Corporate office . . ." [*Id.*, Ex. A-1]. Defendants asserted that L.A. Insurance sent similar e-mails to multiple insurance carriers, which "convinced several of [them] to cease any and all business with [Montes]."[1] [*Id.* at 3]. While defendants have not requested any particular form of equitable relief, it appears they want the Court to issue an order requiring L.A. Insurance to withdraw its request for the commissions and determine whether the NV 26 franchise agreement is void as a contract of adhesion.

## II.     ANALYSIS

The Court will grant L.A. Insurance's motions insofar as it seeks: (1) to enjoin defendants

---

[1] L.A. Insurance does not dispute this contention. In fact, the company appended copies of several e-mails to its motion papers, wherein L.A. Insurance's in-house counsel asked a number of insurance carriers to forward defendants' commissions to its corporate office. [45, Ex. A, Tab # 9].

from using its name or trademark in the promotion and operation of any unauthorized franchise or competing business; (2) the return of any confidential and proprietary materials in defendants' possession; and (3) an order of the Court requiring defendants to "file an abandonment or discontinuance of the name with the appropriate local, county or state agency."  With regards to the above relief, defendants deny they are using L.A. Insurance's name or trademark or that they possess any of L.A. Insurance's confidential and proprietary materials.  Defendants have even offered to file "a discontinuance of any mention of L.A. Insurance with the appropriate governmental agencies." [51 at 9].  Most importantly, defendants have not raised any substantive defenses to L.A. Insurance's trademark infringement or unfair competition claims.  Thus, the Court has no reason to question the validity of L.A. Insurance's trademark, and it likewise perceives no prejudice that would potentially inure to defendants by granting the above relief.

On the other hand, at least at this juncture, the Court will deny L.A. Insurance's motions to the extent it seeks to enforce the non-competition provisions of the franchise agreements. According to L.A. Insurance, the entire instant dispute arose only after Montes initially breached the NV 26 franchise agreement by closing down that franchise and opening an "unauthorized" insurance agency at another location – 4601 W. Sahara Ave.  [1, Ex. E].  This version of events, however, is not adequately supported by the present record to merit the extraordinary injunctive relief requested.  Aside from L.A. Insurance's regional representative's averment that, "[d]efendant NV26 is a former L.A. Insurance Agency franchisee presently operating an unauthorized insurance agency using [L.A. Insurance's trademark and business system at 4601 W. Sahara Ave.," [15-2 at ¶ 11], and an inference that can be drawn from Montes' affidavit that she has *some connection* to that location [49-1 at ¶¶ 4-5][2], there is no evidence verifying whether

---

[2] To be clear, the apparent reasonableness of the inference urged by L.A. Insurance – that

5

Montes or NV26 actually own the "unauthorized" insurance agency. The Court notes that L.A. Insurance obtained this information from the Nevada Secretary of State's office for some of Montes's other alleged "unauthorized" insurance agencies.[3] For whatever reason, the company neglected to do so for this particular entity. Therefore, since insufficient evidence has been presented for the Court to conclusively determine whether Montes and/or NV 26 initially violated the NV26 franchise agreement, and since the remainder of the parties' dispute seems to flow from that initial alleged breach, the Court declines L.A. Insurance's request to enjoin defendants from operating their businesses at this juncture.

As for defendants' motion for preliminary injunction, the Court concludes that they are not entitled to any form of equitable relief. Courts generally evaluate four factors when deciding a motion for a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc) (internal quotation marks omitted). Here, defendants have not satisfied either of the first two factors.

Concerning their likelihood of success on the merits, defendants have not sufficiently

---

Montes is the owner/operator of that location – is not lost on the Court. It may be that L.A. Insurance can obtain the necessary evidence to establish this point without any discovery, or with only limited discovery, in which case a renewed motion may be appropriate. However, in light of the extraordinary relief being requested by L.A. Insurance with respect to the enforcement of its non-compete provisions, the Court considers an omission such as this more than a mere technicality that can be glossed over.

[3] L.A. Insurance's regional representative attested that a "[r]eview of the State of Nevada corporate records has revealed that Defendant Montes formed "Beeing Protected Insurance Agency NV 1, LLC" as early as July 21, 2014, and that the address listed for its registered office is the same address as the NV12 Franchise location." [45, Ex. A at ¶ 20; *see also* Tab # 3].

demonstrated that L.A. Insurance exceeded its contractual authority when it asked the insurance carriers to forward defendants' commissions directly to its corporate office. All of the relevant franchise agreements provide that: "If Franchisee commits a default under this Agreement that is not cured within 10 days of written notice, then Franchisor will have the right to: . . . (e) require payments to Franchisee from Authorized Insurance Carriers be paid through Franchisor . . ." [42, Exs. A and D at § 14.5(e), Exs. B and C at § 13.5(e)]. Here, defendants, as the party with the burden of proof, failed to clearly establish that they had not defaulted on their respective franchise agreements such that the Court could conclude that L.A. Insurance unjustifiably invoked the above contractual provision. Nor may the Court consider Montes's assertion that the NV 26 franchise agreement should be invalidated as a contract of adhesion because her unsworn, electronically signed declaration to this effect [43-1], is not subscribed by her "as true under penalty of perjury." 28 U.S.C. § 1746. The Court also notes that Montes' argument rests on numerous factual assertions [*e.g.*, 43-1 at ¶¶ 41-43] which, at best, are not ripe for adjudication without first giving L.A. Insurance adequate time to conduct discovery into those matters.

Furthermore, the record does not support defendants' contention that they have been irreparably harmed by L.A. Insurance's conduct because the parties acknowledge that the withheld commissions have a clearly defined monetary value (approximately $60,000). Thus, defendants would be fully compensated by an award of money damages, including lost interest.

Finally, there are serious questions as to whether the Court has the authority to compel the insurance carriers to release the commissions because, as non-parties to this litigation, they are not subject to the Court's jurisdiction. At best, even if the Court were to order L.A. Insurance to withdraw its request for the commissions, there are no measures at the Court's disposal that would require the insurance carriers to hand the commissions over to defendants

prior to the issuance of a judgment in their favor.

In sum, without having established their likelihood of success on the merits, or that they would be irreparably harmed in the absence of injunctive relief, defendants' motion for preliminary injunction must be denied. *See Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003) (noting that "a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue."); *see also Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000) (stating that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal.").

Accordingly, **IT IS ORDERED** that L.A. Insurance's motion for preliminary injunction against defendant's Montes and L.A. Insurance Agency NV 26 **[39]** and L.A. Insurance's motion for a temporary restraining order and a preliminary injunction against Montes and L.A. Insurance Agencies NV 12, NV 15, and NV 17 **[45]** are **GRANTED IN PART** and **DENIED IN PART**; defendants shall have **seven (7) days** from the date of entry of this Opinion and Order to: (1) cease and desist from using L.A. Insurance's name or trademark in the promotion and operation of any unauthorized franchise or competing insurance agency; (2) return any confidential and proprietary materials in their possession belonging to L.A. Insurance; and (3) file the necessary paperwork with the appropriate local, county and/or state agencies in order to abandon or discontinue the use of L.A. Insurance's name in the operation of any unauthorized franchise or competing insurance agency. Defendants shall have **three (3) days** thereafter to file a notice with the Court verifying their compliance with the above measures.

**IT IS FURTHER ORDERED** that defendants' motion for preliminary injunction **[43]** is **DENIED.**

| | |
|---|---|
| Dated: September 30, 2015<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2015.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager
