UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.A. INSURANCE AGENCY
FRANCHISING, LLC,

        Plaintiff,        Civil Action No. 14-14432
                                  Magistrate Judge David R. Grand
v.

CLAUDIA MONTES, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR PARTIAL RECONSIDERATION [63]

Before the Court is plaintiff L.A. Insurance Agency Franchising, LLC's ("L.A. Insurance" or the "company") emergency motion for partial reconsideration of this Court's September 30, 2015 opinion and order on the parties' cross motions for injunctive relief [61] (the "Opinion"). [63]. Under E.D. Mich. LR 7.1(h)(3), a motion for reconsideration should not be granted unless the movant demonstrates a "palpable defect by which the Court and the parties ... have been misled," and that "correcting the defect will result in a different disposition of the case." For the following reasons, the Court will deny L.A. Insurance's motion.

In its Opinion, the Court discussed the general nature of this franchise dispute between the franchisor, plaintiff L.A. Insurance, and its franchisees, defendants L.A. Insurance Agency NV 12, LLC, L.A. Insurance Agency NV 15, LLC, L.A. Insurance Agency NV 17, L.A. Insurance Agency NV 26, LLC (and their principal, defendant Claudia Montes) (collectively, "defendants"), which the Court incorporates by reference herein. [61 at 2-3]. What the Court perhaps should have been more explicit about is the parties' difference of opinion over the *origin* of the overall franchise dispute.

In its initial complaint, L.A. Insurance seems to contend that the parties' dispute began when, on "August 30, 2014, Defendant Montes, without [L.A. Insurance's] authorization, closed her L.A. Insurance franchise at 1291 S. Decatur Blvd. in Las Vegas and, without notice to or authorization from Plaintiff, opened a new insurance agency located at 4601 W. Sahara Ave. in Las Vegas using Plaintiff's L.A. Insurance trademark to promote the business and Plaintiff's franchise operating system to operate the business." [1 at ¶19]. According to defendants, however, the parties' dispute originated even earlier. In an affidavit supplied to the Court, Montes averred that: (1) she "received no support from [L.A. Insurance]" while a franchisee; (2) L.A. Insurance surreptitiously opened a competing insurance office less than one mile from one of Montes's L.A. Insurance franchise locations, and then "opened [competing] 'Toro Insurance Offices' all over town; (3) L.A. Insurance cut off her access to top-tier insurance providers and vendors; (4) L.A. Insurance gave her access "only to those insurance companies willing to give [L.A. Insurance] kickbacks; (5) L.A. Insurance "show[ed] favoritism to [certain franchisees], allowing [them] to open a company under a different DBA so they can sell products that [defendants] couldn't access"; (6) L.A. Insurance forged Montes's signature on certain franchise-related documents; and (7) L.A. Insurance "instructed insurance providers and vendors to lower [defendants'] commissions and stop dealing with [defendants]…" [17-3]. Thus, in their countercomplaint, defendants bring claims against L.A. Insurance for: (1) Breach of the Covenant of Good Faith and Fair Dealing; and (2) Deceptive Trade Practices under Nevada Revised Statute 598.0915. [22]. Indeed, L.A. Insurance attached as an exhibit to its instant motion an e-mail from defendants' counsel in which he indicates defendants' position that it was L.A. Insurance who first acted wrongfully with respect to the parties' franchisor-franchisee relationship:

> In fact, this whole dispute began when Toro Insurance (owned and operated by your client) opened up on Charleston Blvd, directly across the street from NV26's original location (which was at the corner of Charleston and Decatur). The precipitous decline in business that resulted, caused Montes to close the franchised location at Charleston and Decatur.

[63-1].

Notably, while L.A. Insurance's injunctive relief motion papers discussed its version of the material facts underlying this dispute, LA. Insurance completely failed to address defendants' allegations that its conduct was the cause of the parties' dispute, and provides defendants with a valid defense to its claims.[1]

Because defendants' allegations at least plausibly state defenses to L.A. Insurance's claims, in order for L.A. Insurance to obtain an injunction requiring defendants to cease operating their businesses in their current locations, L.A. Insurance must establish a strong likelihood of prevailing not only on its own causes of action, but also on defendants' counterclaims. *See Mersino Mgmt. Co. v. Sebelius*, No. 13-11296, 2013 U.S. Dist. LEXIS 96588, at *16 n.6. (E.D. Mich. Jul. 11, 2013) (noting that "[t]he Sixth Circuit . . . requires [] a clear showing of a likelihood of success on the merits and considers that factor to be nearly dispositive.") Since L.A. Insurance's motion for preliminary injunction and motion for

---

[1] While defendants should have addressed these matters in their responses to L.A. Insurance's injunctive relief motions, this does not absolve L.A. Insurance from ignoring, in its motion papers, these serious potential impediments to the extraordinary injunctive relief it sought. In fact, when this action was assigned to District Judge Matthew Leitman, he denied L.A. Insurance's motion for default judgment, explaining that, "the facts in Montes' affidavit could be sufficient to support a determination that the relevant franchise agreement between the parties is unenforceable, that L.A. Insurance committed the first material breach of the parties' contract, that L.A. Insurance prevented Defendants from performing under parties' contract, and that L.A. Insurance acted with unclean hands rendering unavailable the equitable relief L.A. Insurance seeks. At this stage, the facts in Montes' affidavit are sufficient to state plausible meritorious defenses." [21 at 3-4] (internal citations omitted).

3

temporary restraining order do not even acknowledge, much less address the merits of defendants' allegations and counterclaims, it has not made the required showing.

For the reasons stated above, even if the Court were to find that L.A. Insurance identified "palpable defects" in the Court's Opinion, it has failed to show that correcting them "will result in a different disposition of the case" because the Court will not entertain granting the type of extraordinary relief requested by L.A. Insurance without it first making a clear showing that it is likely to succeed on the merits in this litigation. Having failed to make that showing, **IT IS ORDERED** that plaintiff's emergency motion for partial consideration **[63]** is **DENIED**.

Dated: October 7, 2015  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager