UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


L.A. INSURANCE AGENCY
FRANCHISING, LLC,

                Plaintiff/Counter-Defendant,        Civil Action No. 14-14432
                                                   Magistrate Judge David R. Grand
v.

CLAUDIA MONTES, et al.,

                Defendants/Counter-Plaintiffs.
_____/

## ORDER DENYING WITHOUT PREJUDICE L.A. INSURANCE'S MOTION TO STRIKE JURY DEMAND [46]

Before the Court is L.A. Insurance Agency Franchising, LLC's ("L.A. Insurance") motion to strike the jury demand filed by Claudia Montes and her L.A. Insurance franchises – NVs 12, 15, 17, and 26 (collectively "defendants"). [46].  Defendants filed a response. [54].  The Court held a hearing regarding the above motion on November 3, 2015 [77], after which L.A. Insurance submitted a supplemental brief. [78].  The parties have consented to this Court's conducting of all proceedings, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [29].

L.A. Insurance filed its initial complaint in this matter on November 19, 2014. [1]. Defendants filed their answer, including several counterclaims, on March 17, 2015. [22].  On August 17, 2015, Defendants filed a demand for a jury trial. [37].

In their instant motion to strike the jury demand, L.A. Insurance argues that defendants waived their right to a jury because: (1) the parties executed four franchise agreements, each of

which includes an identically-worded jury waiver provision[1] [46 at 5-6]; and (2) the jury demand is untimely under Fed. R. Civ. P. 38(b). [*Id.* at 7-8]. In response, defendants' contend that the jury waiver provisions are unenforceable because each of the franchise agreements are adhesion contracts and were procured through fraud. While they acknowledge the untimeliness of their jury demand, defendants also urge the Court not to strike it on those grounds because the right to a jury is "of the utmost importance" and "no discovery or trial preparation has been undertaken by the parties and the delay in requesting the jury trial places no undue burden or disadvantage upon [L.A. Insurance]." [54 at 8].

**<u>Analysis</u>**

With respect to the enforceability of the jury waiver provisions, L.A. Insurance primarily relies upon *Chesterfield Exch., LLC v. Sportsman's Warehouse, Inc.*, 528 F. Supp. 2d 710 (E.D. Mich. 2007). In that case, the parties asked the district court to decide "whether a lease provision waiving a jury trial is vitiated by [the defendant's] allegations that it was fraudulently induced to enter the lease, despite the absence of any allegations that the jury trial waiver provision itself was induced by fraudulent representations." *Id.* at 711. Looking to cases from two other circuits addressing the same issue, the district court concluded that "a claim that a contract is void as induced by fraud is not sufficient to invalidate a jury waiver contained therein where the alleged

---

[1] Article 16, Section 8 of the NV 12, NV 15, and NV 17 franchise agreements and Article 17, Section 8 of the NV 26 franchise agreement contain the following jury waiver provision:

> SUBJECT TO APPLICABLE STATE LAW, FRANCHISOR AND FRANCHISEE IRREVOCABLY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER AT LAW OR IN EQUITY, BROUGHT BY EITHER OF THEM AGAINST THE OTHER, WHETHER OR NOT THERE ARE OTHER PARTIES IN SUCH ACTION OR PROCEEDING.

[42, Ex. A at 46-47, Exs. B-C at 44, Ex. D at 46-47].

fraud does not relate to the jury waiver provision itself." *Id.*  Taken in isolation, this language fully supports L.A. Insurance's contention that the jury waiver provisions remain enforceable despite defendants' argument that all of the franchise agreements are unenforceable in their entirety since they are contracts of adhesion or because they were procured through fraud.

However, L.A. Insurance glosses over a critical aspect of the district court's decision. The court in *Chesterfield* limited its holding to the facts of that particular case in concluding that "*business entities of equal bargaining power* that enter into written agreements that contain jury trial waiver provisions knowingly and voluntarily waive their right to a jury trial under the Seventh Amendment absent exceptional circumstances." *Id.* at 715 (emphasis added).  Yet, the parties' respective bargaining power is at the very heart of defendants' claims and defenses in this action; they argue that the franchise agreements are unenforceable, among other reasons, because of the alleged unequal bargaining power between Montes and L.A. Insurance.  [54].  For instance, defendants allege, generally, that the franchise agreements are "'take it or leave it' contracts of adhesion with several procedurally and substantively unconscionable provisions, including, but not limited to (1) lopsided non-compete provisions; (2) unfair choice of law and jurisdiction provisions stating that any issues arising out of the Franchise Agreements contract are governed by Michigan law; and (3) multiple grounds allowing Franchisor to declare the Franchises in default without a right to cure, while Franchisor has the right to cure in all scenarios."  [35-1 at ¶29].  Defendants also allege that L.A. Insurance threatened to "take away" their then-existing agencies if they did not sign the agreements, and offered no consideration in exchange for their execution.  [35-1 at ¶¶26-28; 77 at 21].  While the Court has previously recognized the *commercial setting* of this matter [77 at *e.g.*, 22, 25, 27-28, 31], at least on the present record, it is unable to make a final determination as to at least certain of defendants'

claims and defenses, and the franchise agreements' overall enforceability.  [61, 64].  For all of

these reasons, *Chesterfield* is not necessarily dispositive as to whether the jury waiver provisions

in the franchise agreements are legally enforceable.

As for L.A. Insurance's alternative argument that defendants' jury demand should be

stricken due to its untimeliness, the Court finds that the applicable Federal Rule of Civil

Procedure – 38 – does not compel such a result.  Rule 38(b) provides:

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d).

While it is true that "[a] party waives a jury trial unless its demand is properly served and filed,"

Fed. R. Civ. P. 38(d), "the court may, on motion, order a jury trial on any issue for which a jury

might have been demanded." Fed. R. Civ. P. 39(b).

In this regard, the Sixth Circuit "favors a grant of jury trials," *United States SEC v.

Battenberg*, No. 06-14891, 2009 U.S. Dist. LEXIS 100584, at *7 (E.D. Mich. Oct. 29, 2009), and

has consistently held that a district court's discretion should be exercised in favor of granting a

jury trial "in the absence of strong and compelling reasons to the contrary."  *Kitchen v. Chippewa

Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987) (quotation omitted); *see also Thompson v.

Fritsch*, 172 F.R.D. 269, 270 (E.D. Mich. 1997) (noting that "the Sixth Circuit has adopted the

more liberal approach of granting Rule 39(b) motions in the absence of strong and compelling

reasons to the contrary.").

Here, L.A. Insurance has not provided the Court with strong and compelling reasons to

grant its motion to strike defendants' jury demand beyond its untimeliness under Rule 38(b)'s

4

14-day deadline.  This ground alone is "insufficient, in light of the Seventh Amendment right to a jury trial, to prevent this Court from allowing [the] case to be heard by a jury."  *Thompson*, 172 F.R.D. at 270 (granting plaintiff's motion for a jury trial where the motion had been filed six weeks prior to the close of discovery and defendant opposed the motion on the ground that "an untimely demand for jury trial must be denied unless some cause for delay beyond mere inadvertence is shown."); *see also* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2334, at 316 (3d ed. 2008) ("technical insistence upon imposing a penalty for failing to follow the demand procedure by denying a jury trial is not in the spirit of the Federal Rules."). Moreover, L.A. Insurance will not be prejudiced by the denial of its motion to strike because discovery is in its early stages, and a trial date has not been set.  *See Orlowski v. TRW, Inc.*, 765 F. Supp. 1277, 1279 (E.D. Mich. 1991) (finding no prejudice to defendant in denying its motion to strike jury demand where plaintiff filed the demand at least ten months before the anticipated trial date).

In view of the foregoing, L.A. Insurance has not provided the Court with a sufficient basis to strike defendants' jury demand at this time.  Accordingly,

**IT IS ORDERED** that L.A. Insurance's motion to strike defendants' jury demand **[46]** is **DENIED WITHOUT PREJUDICE**.[2]

Dated: December 23, 2015                    s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

---

[2] The Court denies the motion without prejudice because discovery and/or further motion practice may ultimately show, as a matter of law, the enforceability of the underlying franchise agreements and/or their jury waiver provisions.

5

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 23, 2015.

<u>s/William Barkholz for Eddrey O. Butts</u>
EDDREY O. BUTTS
Case Manager